*No Parties Added*
*Amended Summons Issued.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JOHN BLANC                              )
                                        )
                                        )        06 CV 1626 (CLB)
         Plaintiff,                     )
                                        )
         -against-                      )
                                        )
PALISADES COLLECTION, LLC               )
AND PRESSLER & PRESSLER, LLP            )
                                        )
                                        )
         Defendant.                     )



## AMENDED COMPLAINT

### Introduction

1. Plaintiff seeks redress for the illegal practices of Palisades Collection, LLC and Pressler & Pressler, LLP concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### Parties

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt, purportedly owed to AT&T Wireless.

4. Defendant Palisades Collection, LLC is a debt collector and has purchased the debt from AT&T Wireless.

5. Defendant Palisades Collection, LLC's principal place of business is located in New Jersey.

1

6. Defendant Palisades is a "furnisher of information" as contemplated by the New York Credit Reporting Act which regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies concerning consumer debt.

7. Defendant Pressler & Pressler, LLP is a law firm and debt collector.

8. Defendant Pressler's principal place of business is located in New Jersey.

9. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendants are "debt collector[s]" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

11. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district since the plaintiff resides in this district and the defendant directs its collection efforts into this district.

## *Allegations Particular to John Blanc*

13. On information and belief, on a date better known by defendants, defendant Palisades attempted to collect an alleged consumer debt from the plaintiff.

14. Upon information and belief, in or about June, 2005, defendant Palisades purchased the alleged debt from AT&T Wireless when the debt was in default.

15. Upon information and belief, on or about July 27, 2005 an initial letter was sent to the plaintiff.

2

16. Plaintiff did not receive the said letter.

17. In or about November, 2005, the plaintiff learned from his routinely checking his credit reports that Palisades had reported the plaintiff's alleged debt to the three major credit bureaus, namely Equifax, Trans Union and Experian.

18. On or about November 4, 2005 plaintiff wrote a letter to Palisades indicating that the debt was disputed and that he was seeking verification of same.

19. Plaintiff made it clear in is letter that he had not heard from Palisades prior to seeing the reporting of the alleged debt on the plaintiff's credit reports.

20. Palisades did not respond to the plaintiff's request.

21. On or about November 9, 2005 defendant Pressler & Pressler sent the plaintiff an initial collection letter.

22. Within thirty days and in a timely fashion, plaintiff disputed the said debt with Pressler & Pressler by sending a letter to defendant Pressler on or about December 1, 2005 via certified mail.

23. Subsequent to the sending of the November 9, 2005 collection letter to the plaintiff, defendant Pressler obtained the plaintiff's credit report on or about November 18, 2005 Defendant Pressler obtained the plaintiff's credit report for the purpose of confirming the plaintiff's address.

24. On or about December 8, 2005, defendant Pressler purported to send the plaintiff verification of the debt.

25. Defendant represented that it had included verification of the debt; however, nothing was included with the December 8, 2005 letter from Tin-An A. Wang from the defendant Pressler.

3

26. Plaintiff promptly wrote back to defendant Pressler on December 12, 2005 indicating that there was no documentation enclosed with defendant Pressler's letter to the plaintiff on December 8, 2005.

27. Upon information and belief, defendant Palisades continued to collect on the AT&T Wireless debts even after it turns the debts over to Pressler for collection.

28. At some point at the end of February, 2006, even though the plaintiff disputed the debt with Pressler, Palisades purportedly sent the plaintiff verification of the debt.

29. Palisades even sent the plaintiff a collection letter as late as September, 2006.

30. Palisades continued to report the plaintiff's alleged debt to the credit bureaus even subsequent to Palisades' referring the matter to Pressler for collection.

31. The sending of the letter to the plaintiff in September 2006 is not reflected in the account history kept by defendant Palisades.

32. Upon information and belief, when Palisades receives a dispute from a debtor, Palisades will delete a consumer's tradeline.

33. Upon information and belief, when a consumer disputes a debt with Pressler, Pressler informs Palisades and Palisades deletes the tradeline.

34. Pressler had an obligation as counsel to inform Palisades that the plaintiff had disputed the debt.

35. Upon information and belief, Pressler failed to inform Palisades that the plaintiff had disputed the debt.

36. Pressler caused that Palisades failed to fulfill its requirement of informing the credit bureaus that the plaintiff had disputed the debt.

4

37. Palisades account history reflects that there was a monthly update received from Palisades on January 2, 2006.

38. Said monthly report reflects that nothing was reported.

39. Palisades and Pressler are liable to the plaintiff for failing to cause the plaintiff's report to be updated as disputed.

40. It was not until the end of February, 2006 that Pressler informed Palisades that the plaintiff had disputed the debt.

41. From early December, 2005 until the end of February, 2006, Pressler failed to communicate with its client that the debt was disputed.

42. Upon information and belief, at the end of February, 2006 Palisades caused the tradeline to be deleted.

43. According to the agreement between Palisades and Pressler, Pressler is obligated to send Palisades a monthly update concerning the accounts that are referred to Pressler for collection.

44. Pressler failed to report to Palisades concerning plaintiff's dispute.

45. Palisades has engaged in a series of misrepresentations on the plaintiff's credit reports.

46. Palisades has reported the plaintiff's alleged debt as a factoring account.

47. Said reporting is false as defendant Palisades can report the account as a factoring account only if Palisades were to purchase the account before the account went into default.

48. Defendant Palisades falsely reported the plaintiff's alleged debt as an installment account when it could have reported the account as a collections account.

49. Defendant Palisades falsely reported the plaintiff's alleged debt as an open account when it was closed at the time Palisades purchased the account.

50. Defendant Palisades falsely reported the plaintiff's alleged debt as past due and 120 past due when it was closed at the time Palisades purchased the account.

## AS AND FOR A FIRST CAUSE OF ACTION

(FDPCA Violations As Against Palisades)

51. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-50 as if set forth fully in this cause of action.

52. Palisades is liable for its misrepresentations in the reporting of the plaintiff's alleged debt to the credit bureaus in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10) for providing false credit information and for engaging in deceptive practices, and 1692e(2)(A) and 1692f for making false characterizations of the plaintiff's alleged debt on the plaintiff's various credit reports.

53. Palisades is liable to the plaintiff for failing to respond to plaintiff's request for verification of the debt where plaintiff stated that he had not heard from Palisades previously in violation of 15 U.S.C. §§ 1692g and 1692e(10) and for continuing collection of same prior to providing verification.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant Palisades and award damages as follows:

 (a) Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

 (b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A FIRST CAUSE OF ACTION

(FDPCA Violations As Against Pressler)

54.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-50 as if set forth fully in this cause of action.

55.   Pressler is liable to the plaintiff for improperly viewing plaintiff's credit report when there are other less intrusive ways and more reliable ways to obtain verification of current address and bankruptcy information.

56.   Pressler is liable for its failure to report to Palisades that the debt was disputed in violation of 15 U.S.C. §§ 1692e(8) and 1692e(10) for providing false credit information and for engaging in deceptive practices.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant Pressler and award damages as follows:

(c)     Statutory damages provided under the FDCPA, 15 U.S.C. 1692(k);

(d)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

(New York Fair Credit Reporting Act As Against Palisades)

57. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-50 as if set forth fully in this cause of action.

58. Defendant Palisades has knowingly and willfully introduced and/or has attempted to introduce or causes to be introduced false information into the plaintiff's credit reports.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant Palisades and award damages as follows:

    (a) Statutory damages in the amount of $5,000.00;

    (b) Litigation expenses and costs incurred in bringing this action; and

    (c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 10, 2007

_____
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)